JUDGE ABRAMS

**13 CV 7371**

David Donahue (*ddonahue@frosszelnick.com*)
Jennifer Insley-Pruitt (*jinsley-pruitt@frosszelnick.com*)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Tel: (212) 813-5900

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| PRADA S.A.,<br><br>   Plaintiff,<br><br>   v.<br><br>PREFERRED FRAGRANCE, INC., IZRIEL POLATSEK A/K/A EZRIEL POLATSEK, and JOHN DOES 1-10,<br><br>   Defendants. | No. _____<br><br>**COMPLAINT** |

Plaintiff Prada S.A. ("Prada" or "Plaintiff"), by its undersigned attorneys, Fross Zelnick Lehrman & Zissu, P.C., for its Complaint against defendants Preferred Fragrance, Inc. ("PFI"), Izriel Polatsek a/k/a Ezriel Polatsek ("Polatsek"), and John Does 1-10 (collectively, "Defendants") alleges as follows:

<u>NATURE OF THE ACTION AND RELIEF SOUGHT</u>

  1. This is an action for trademark and trade dress infringement, unfair competition, deceptive trade practices, and trademark and trade dress dilution arising out of Defendants' marketing and sale of a knock-off of Plaintiff's well-known PRADA CANDY fragrance product.

  2. Plaintiff markets and sells fragrances and fragranced body products throughout the United States and worldwide under the well-known PRADA CANDY mark and packaged in the well-known and distinctive PRADA CANDY trade dress. With global sales of tens of millions

of dollars in just two years, PRADA CANDY is among the best-selling prestige fragrances on the market today.

3.      Long after Plaintiff's PRADA CANDY trademark and distinctive trade dress achieved prominence in the luxury fragrance industry, PFI adopted and began using the nearly identical PARTY CANDY mark and trade dress for a competing knock-off perfume.

4.      By the conduct noted above, Defendants are likely to cause consumers to falsely believe that their products come from or otherwise are associated with Plaintiff and to harm Plaintiff.  Such consumer confusion and harm to Plaintiff will continue as long as Defendants continue to use the infringing PARTY CANDY mark and trade dress for their own goods or to otherwise misrepresent the source of their goods.

5.      To protect its extensive monetary investment and the resultant goodwill it has established in its PRADA CANDY mark and trade dress, Plaintiff brings this action for trademark infringement, trade dress infringement, false advertising, and unfair competition under Sections 32(1) and 43(a) of the Lanham Act and related claims under New York State law. Plaintiff seeks an injunction, an accounting of Defendants' profits flowing from use of the infringing PARTY CANDY mark and trade dress, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

6.      Plaintiff Prada S.A. is a corporation organized and existing under the laws of Luxembourg with a principal place of business in Milan, Italy.  As set forth in greater detail below, Prada owns rights in the PRADA CANDY mark and trade dress used in connection with fragrance and fragranced body products.

7.      Upon information and belief, Defendant PFI is a New York corporation with a place of business at 1900 Corporate Blvd., Newburgh, NY 12550.

8.      Upon information and belief, Defendant Polatsek, the president and owner of Defendant PFI, is an individual alternately known as Izriel and Ezriel Polatsek with a place of business at 1900 Corporate Blvd., Newburgh, NY 12550.  Upon information and belief, Polatsek personally runs, operates, and exercises control over PFI and directed and participated in and continues to direct, participate in and financially benefit from each of PFI's wrongful acts and infringing conduct complained of herein.

9.      Upon information and belief, John Does 1 through 10 are individuals or entities residing in or otherwise continuously and systematically conducting and transacting business in this district and are engaged in the manufacturing, importation, distribution, offering for sale and/or sale of the infringing product identified herein and/or who have participated in, controlled, or directed the unlawful activities complained of herein, and/or who have profited from such activities and continue to do so and in doing so are infringing on the exclusive rights of Plaintiff in and to its mark and trade dress.  Upon learning of their specific identities, Plaintiff shall move to substitute such parties for the John Does.

<u>JURISDICTION AND VENUE</u>

10.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the United States Judicial Code, 28 U.S.C. §§ 1331, 1338(a)-(b).

11.      The Court has supplemental jurisdiction over Plaintiff's state law claims under Section 1367(a) of the United States Judicial Code, 28 U.S.C. § 1367(a).

12.     This Court has personal jurisdiction over Defendants because Defendants do business in, have substantial contacts with, reside in and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

13.     Upon information and belief, venue is proper in this district pursuant to Section 1391(b) of the United States Judicial Code, 28 U.S.C. § 1391(b), because one or more of Defendants reside in this judicial district, all Defendants reside in New York State, a substantial part of the events at issue and Defendants' acts of infringement have occurred in this district and Plaintiff is suffering harm in this district.

FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      Plaintiff's Well-Known PRADA CANDY Mark and Trade Dress

14.     Plaintiff Prada is a world-famous Italian fashion label founded in 1913 and headquartered in Milan, Italy.

15.     In August 2011, Plaintiff launched a fragrance product under the PRADA CANDY trademark in the United States, followed by launches worldwide.  The PRADA CANDY fragrance products' scent consists of an elegant mix of white musks combined with a sensual balsamic vanillic accord of benzoin and sweet caramel.  Today, Plaintiff's PRADA CANDY line of products includes perfume, body scrubs, body lotion and shower gel.

16.     In the United States, Plaintiff's PRADA CANDY fragrance products are sold through a wide variety of channels, including but not limited to:

- Plaintiff's independent stores;

- Plaintiff's retail locations, including but not limited to Bloomingdale's, Macy's, Lord & Taylor's, Neiman Marcus, Saks Fifth Avenue, Nordstrom, Ulta and Sephora;

- Plaintiff's retailers' websites, including but not limited to www.saksfifthavenue.com, www.sephora.com and www.macys.com;

- E-commerce sites such as www.amazon.com and www.fragrancenet.com.

17.     In the United States alone, Plaintiff's PRADA CANDY fragrance is available in approximately 1,800 retail locations, including retail locations in New York.

18.     Plaintiff has extensively used and promoted its fragrance line offered under the PRADA CANDY mark and trade dress.  In less than two years, global retail sales of PRADA CANDY fragrance products have been in the tens of millions of dollars, with nearly a quarter of such sales in the United States.

19.     Over the same period of time, Plaintiff has spent several million dollars to advertise and promote its PRADA CANDY fragrance in the United States through a variety of traditional and non-traditional media, including, for example, an acclaimed short film for the fragrance by noted directors Roman Coppola and Wes Anderson and starring well-known French actress Léa Seydoux.  Plaintiff's advertising and promotional activity for its PRADA CANDY products has reached millions of consumers in the United States.

20.     Plaintiff's PRADA CANDY mark and PRADA CANDY trade dress have become and are famous, in part as a result of the tremendous press coverage they have received in New York, nationally and internationally.

21.     Stories about Plaintiff's PRADA CANDY fragrance have appeared in numerous fashion, leisure, women's and general interest publications, including but not limited to *Elle*,

*Esquire, W, Marie Claire, Lucky, Cosmopolitan, Allure,* and *Harper's Bazaar,* to name only a few.

22.     Plaintiff's products under the PRADA CANDY mark have received myriad awards and recognitions, including, without limitation, a Nordstrom beauty award nomination in the United States in 2012 and awards in Canada, Belgium, France, Italy and Russia.

23.     Plaintiff prominently uses its PRADA CANDY mark on the product itself as well as on all advertising and promotional materials, including print and internet advertising, catalogues, and in-store displays at department stores and other retail locations.

24.     Plaintiff sells its PRADA CANDY fragrance products in highly-distinctive, award-winning packaging.  The success of PRADA CANDY has been based in part on the colorful, daring image that the PRADA CANDY trade dress conveys.

25.     As seen in the accompanying photo, the key elements of this distinctive trade dress include:  (i) a bold pink rectangular carton with black flaps; (ii) a cartoon silhouette of a fashionable young woman with long, light-colored hair, who is wearing high heels and a dark above-the-knee dress and kicking up one leg; and (iii) a rectangular gold-rimmed banner to showcase the famous PRADA CANDY trademark, which itself is rendered in gold in a capitalized serif font akin to Engravers Roman.

26.     The striking and distinctive nature of the PRADA CANDY trade dress – with its bright colors and elegant, sexy playfulness – ensures that, even from far away, consumers will recognize and be drawn to PRADA CANDY fragrance products.

27.     Plaintiff prominently uses its PRADA CANDY trade dress in advertising and promotional materials.

28.     Plaintiff's distinctive PRADA CANDY trade dress has received substantial unsolicited media attention and commentary from industry players and experts, which further demonstrates that the PRADA CANDY trade dress has been a critical component of its success. For example, in 2012, The Fragrance Foundation honored Plaintiff's PRADA CANDY packaging with its FiFi Award for "Best Packaging – Women's Prestige," a prominent recognition by the "Oscars of the fragrance industry" of Plaintiff's creative achievement in fragrance package design and execution.

29.     The combination of elements that make up the PRADA CANDY trade dress is not functional for purposes of Section 43(a)(3) of the Lanham Act, 15 U.S.C. § 1125(a)(3), as it is not essential to the use or purpose of fragrance products, does not affect the cost or quality of fragrance products, and, when used exclusively by Plaintiff, does not put Plaintiff's competitors at a significant non-reputation-related disadvantage.  Of the thousands of fragrance products on the market, Plaintiff is unaware of any – other than Defendants' infringing PARTY CANDY product – that share the distinctive combination of elements of the PRADA CANDY trade dress, which is evidence that the PRADA CANDY trade dress is not functional.

30.     Defendants' sale of fragrance products in packaging that does not include any of the elements of the PRADA CANDY trade, much less all of them, is further evidence that the PRADA trade dress is not functional.  Examples of other fragrance products sold by Defendants' are shown below:

 

31.     As a result of Plaintiff's substantial effort and investment and the success of Plaintiff's products under the PRADA CANDY mark and trade dress, Plaintiff's PRADA CANDY mark and trade dress have become instantly recognizable to the public as symbols exclusively denoting Plaintiff and signaling the high quality of its products.

32.     The PRADA CANDY mark and trade dress represent enormous goodwill of Plaintiff and are tremendously valuable assets of Plaintiff.

33.     Long before Defendants' first use of the infringing PARTY CANDY mark and trade dress, Plaintiff's PRADA CANDY mark and trade dress became uniquely identified with Plaintiff, had come to identify the goods of Plaintiff exclusively, and had become well-known and distinctive.

34.     Based on Plaintiff's extensive use, promotion, and advertising of its goods under the PRADA CANDY mark and trade dress, Plaintiff owns common law rights in the PRADA CANDY mark and trade dress in connection with fragrance products and related goods and services.

35.     In addition, Prada owns U.S. Registration No. 4,085, 890 for PRADA CANDY for "Perfumery, cosmetics, essential oils, bath and body soap," registered on January 17, 2012 (the "PRADA CANDY Registration"). A printout from the United States Patent and Trademark website evidencing Plaintiff's registration for this mark is attached as **Exhibit A**.

36.     The PRADA CANDY Registration is valid, subsisting, and in full force and effect, and serves as evidence of Plaintiff's exclusive right to use the mark on or in connection with the goods described in the PRADA CANDY Registration as provided by Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a).

37.     In accordance with Sections 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 7(b) and 1072, the PRADA CANDY Registration constitutes constructive notice to Defendants of Plaintiff's ownership of the trademark covered therein.

**B.     Defendants' Unlawful Use of Plaintiff's Mark and Trade Dress**

38.     Upon information and belief, Defendant PFI is a company involved in the manufacture, distribution, and sale of knock-off perfume and perfumed body products.

39.     Long after Plaintiff obtained exclusive rights in its PRADA CANDY mark and trade dress, PFI began marketing its PARTY CANDY knock-off perfume under a mark and trade dress confusingly similar to that used by Plaintiff for its genuine PRADA CANDY fragrance in an attempt to trade off the renown of the PRADA CANDY fragrance and to confuse consumers.

40.     PFI not only adopted the PARTY CANDY name, which is highly similar to Plaintiff's well-known PRADA CANDY mark, but also adopted packaging that mimics every key element of the well-known and distinctive PRADA CANDY trade dress.

41.     PFI's PARTY CANDY mark is nearly identical to and is a colorable imitation of Plaintiff's federally registered PRADA CANDY mark.  Given the fame of Plaintiff's mark, consumers who see PFI's product will falsely assume that PARTY CANDY is affiliated, connected, or associated with, or sponsored or approved by Plaintiff, or that it is in fact Plaintiff's product.



42.     Moreover, as shown in the accompanying picture, PFI's trade dress for its PARTY CANDY product is nearly identical to and is a colorable imitation of Plaintiff's unique, distinctive PRADA CANDY trade dress.  The similarities include: (i) a bold pink rectangular carton with a black flap; (ii) a cartoon silhouette of a young woman with long, light-colored hair who is

wearing high heels and a dark, above-the-knee dress and kicking up one leg; and (iii) a gold-rimmed rectangular banner displaying the confusingly similar PARTY CANDY trademark rendered in gold in a capitalized serif font akin to Engravers Roman.

43.     Upon information and belief, PFI, its principal Polatsek, and John Does have imported, advertised, offered for sale, and sold the infringing PARTY CANDY product in the United States, including New York State and this judicial district.

44.     Upon information and belief, Defendants are intentionally targeting and are seeking to sell the infringing PARTY CANDY product to Plaintiff's customers and potential customers and consumers who are familiar with Plaintiff's well-known PRADA CANDY mark and trade dress.

45.     Defendants have never been associated or affiliated with or licensed by Plaintiff in any way, and the infringing PARTY CANDY product is not affiliated with, sponsored by, or endorsed by Plaintiff.

46.     Upon information and belief, Defendants use the infringing PARTY CANDY trademark and trade dress to pass off their goods as Plaintiff's and otherwise to benefit from the recognition and goodwill of Plaintiff's famous PRADA CANDY mark and trade dress.  Upon information and belief, Defendants' conduct is calculated to confuse and mislead consumers, create a false impression as to the source and sponsorship of PARTY CANDY, to divert business from Plaintiff, to pass off the PARTY CANDY product as being authorized and endorsed by Plaintiff, or to otherwise falsely misrepresent the nature and quality of Defendants' product and misappropriate the goodwill associated with the PRADA CANDY mark and trade dress.

47.     Upon information and belief, Defendants began using and are using the infringing PARTY CANDY mark and trade dress with full knowledge of Plaintiff's prior exclusive rights,

with knowledge of the reputation and goodwill of the PRADA CANDY name, mark, and trade dress, and with knowledge that these identifiers are associated exclusively with Plaintiff and Plaintiff's goods.

48.     The goodwill that Plaintiff has built up in the PRADA CANDY mark and trade dress is put at risk by Defendants' appropriation and use of the PARTY CANDY mark and trade dress in connection with their businesses and services.  Defendants' continued use of a name, mark, and trade dress nearly identical to that of PRADA CANDY on and in connection with a competing business is likely to continue to cause confusion in the marketplace, because purchasers and potential purchasers will assume that the goods sold by Defendants emanate from or are authorized by, licensed by, endorsed by, associated with, or otherwise connected with Plaintiff and/or Plaintiff's goods.  By virtue of Defendants' use of a nearly identical name, mark, and trade dress, potential purchasers will assume, incorrectly, that the infringing goods are Plaintiff's.

49.     Defendants' use of a mark and trade dress that so closely resemble Plaintiff's PRADA CANDY mark and trade dress unfairly and unlawfully wrests from Plaintiff control over its reputation.

50.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless restrained by this Court.

51.     Plaintiff has no adequate remedy at law.

FIRST CLAIM FOR RELIEF – FEDERAL
TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

52.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

53.     Defendants' infringing PARTY CANDY mark, when used in connection with women's fragrance products, is such a close variation of the mark set forth in Plaintiff's PRADA CANDY Registration as to be considered identical or a colorable simulation.

54.     Defendants' unauthorized use of the infringing PARTY CANDY mark is likely to cause confusion, cause mistake, or deceive consumers as to the source, sponsorship or approval of Defendants' goods and, specifically, to cause consumers to believe that Defendants' goods are sponsored by, affiliated with, approved by or otherwise connected with Plaintiff.

55.     Defendants chose to use the infringing PARTY CANDY mark with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the marks set forth in the PRADA CANDY Registration in connection with fragrance products and related goods.  Upon information and belief, Defendants used the infringing PARTY CANDY mark in commerce with the intent to cause confusion, to cause mistake, or to deceive.

56.     Defendants' acts constitute willful infringement of the mark set forth in the PRADA CANDY Registration, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

57.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff.

SECOND CLAIM FOR RELIEF – FEDERAL
TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

58.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

59.     The trade dress of PRADA CANDY is used in commerce, is not functional, is inherently distinctive and has acquired secondary meaning in the marketplace.

60.     PARTY CANDY, which is now being used in commerce, features a trade dress that is confusingly similar to the trade dress of PRADA CANDY and is being marketed through a scheme designed to confuse consumers.

61.     Defendants' manufacture, distribution, sale and promotion of PARTY CANDY is likely to cause confusion and mistake and to deceive consumers as to the source, origin or sponsorship of the parties' products.

62.     Defendants chose to use the infringing PARTY CANDY trade dress with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the well-known and distinctive PRADA CANDY trade dress.  Upon information and belief, Defendants used the infringing PARTY CANDY trade dress in commerce with the intent to cause confusion, to cause mistake, or to deceive.

63.     Defendants' actions constitute willful trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff.

## THIRD CLAIM FOR RELIEF – FEDERAL
## UNFAIR COMPETITION (15 U.S.C. § 1125(a))

65.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

66.     Defendants' use of the infringing PARTY CANDY mark and trade dress and their conduct complained of herein constitutes a false designation of origin and a false representation as to the origin of Defendants' goods, is likely to cause confusion, mistake, or deception as to the source of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

67.     Upon information and belief, Defendants chose to use the infringing PARTY CANDY mark and trade dress with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the PRADA CANDY mark and trade dress in connection with fragrance products and related goods.  Upon information and belief, Defendants used the PARTY CANDY mark and trade dress in commerce with the intent to cause confusion, to cause mistake, or to deceive.

68.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

FOURTH CLAIM FOR RELIEF
UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

69.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

70.     Defendants' conduct complained of herein is likely to confuse the public as to the origin, source or sponsorship of Defendants' goods, or to cause mistake or to deceive the public into believing that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff, in violation of Plaintiff's rights in the PRADA CANDY mark and trade dress under New York State common law.

71.     Upon information and belief, Defendants chose to use the infringing PARTY CANDY mark with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the PRADA CANDY mark and trade dress in connection with fragrance products and related goods.  By adopting and using a colorable imitation of the valuable and distinctive PRADA CANDY mark and trade dress, Defendants have been unjustly enriched and Plaintiff has been damaged.

72.     By misappropriating and trading upon the goodwill and business reputation represented by the PRADA CANDY trademark and trade dress, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiff's expense.

73.     Defendants' use of a trademark and trade dress nearly identical to the PRADA CANDY trademark and trade dress in connection with women's fragrance products constitutes unfair competition under New York common law.

74.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

FIFTH CLAIM FOR RELIEF
VIOLATION OF THE NEW YORK DECEPTIVE
AND UNFAIR TRADE PRACTICES ACT
(N.Y. General Business Law § 349)

75.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

76.     Defendants' use of the infringing PARTY CANDY trademark and trade dress has the capacity to deceive and is deceiving the public as to the source of sponsorship of Defendants' services.  As a result, the public will be damaged.

77.     Defendants' conduct is willful and in knowing disregard of Plaintiff's rights.

78.     Defendants have been and are engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of Section 349 of the New York General Business Law.

79.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

SIXTH CLAIM FOR RELIEF
TRADEMARK AND TRADE DRESS DILUTION UNDER NEW YORK STATE LAW
(N.Y. General Business Law § 360-1)

80.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

81.     Plaintiff's PRADA CANDY mark is distinctive and acquired its distinctiveness in connection with fragrance products and related goods before Defendants' first use of the infringing PARTY CANDY mark.

82.     The trade dress of PRADA CANDY is used in commerce, is non-functional, and is inherently distinctive.  The trade dress of PRADA CANDY acquired its distinctiveness in connection with fragrance products and related goods before Defendants' first use of the infringing PARTY CANDY trade dress.

83.     Defendants' unauthorized use of the infringing PARTY CANDY trademark, which is a colorable imitation of Plaintiff's PRADY CANDY mark, is diluting and is likely to continue diluting Plaintiff's PRADA CANDY trademark by blurring the distinctiveness thereof, and is likely to injure Plaintiff's business reputation, in that the reputation of Plaintiff has been removed from its power and control and that deficiencies in or complaints about Defendants' services will redound to the harm of Plaintiff, all in violation of Section 360-1 of the General Business Law of the State of New York.

84.     Defendants' manufacture, distribution, sale and promotion of PARTY CANDY, which features a trade dress confusingly similar to that of PRADA CANDY, is diluting and is likely to continue diluting Plaintiff's PRADA CANDY trade dress by blurring the distinctiveness thereof, and is likely to injure Plaintiff's business reputation, in that the reputation of Plaintiff has been removed from its power and control and that deficiencies in or complaints about

Defendants' services will redound to the harm of Plaintiff, all in violation of Section 360-l of the General Business Law of the State of New York.

85.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless enjoined by this Court. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

(1)     That an injunction be issued enjoining Defendants, their officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

a.     using the infringing PARTY CANDY mark or any other simulation, reproduction, copy, colorable imitation or confusingly similar variation of the PRADA CANDY mark on or in connection with the advertising, promotion, manufacture, production, importation, distribution, displaying, sale or offering for sale of perfume or any related goods , in any media or format;

b.     manufacturing, distributing, shipping, advertising, marketing, promoting, selling or otherwise offering for sale any product in the PARTY CANDY trade dress or in any other trade dress that is confusingly similar to the PRADA CANDY trade dress;

c.     conducting any activities in the United States that relate to, refer to or concern the advertising, promotion, manufacture, production, importation, distribution, displaying, sale or offering for sale of fragrance products or any related goods and services, in any media or format, under the infringing PARTY CANDY

mark, the PARTY CANDY trade dress, or any other mark or trade dress that is a simulation, reproduction, copy, colorable imitation or confusingly similar variation of the PRADA CANDY mark or trade dress;

d.      using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any goods manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendants, or any services advertised, promoted, sold or offered for sale by defendant, are in any manner associated or connected with Plaintiff, or are authorized, licensed, sponsored or otherwise approved by Plaintiff;

e.      engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the PRADA CANDY mark or trade dress;

f.      applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry the infringing PARTY CANDY mark, the PARTY CANDY trade dress, or any other mark or trade dress consisting in whole or in part of any simulation, reproduction, copy or colorable imitation of the PRADA CANDY mark or trade dress, for fragrance products or any goods or services related to the foregoing;

g.      diluting or tarnishing Plaintiff's PRADA CANDY mark or trade dress;

{F1261875.6 }                              -18-

h.    assisting, aiding or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs (a)

through (g) above;

(2)    That Defendants and those acting in concert or participation with them (including,

but not limited to, their officers, directors, agents, servants, employees, representatives,

attorneys, subsidiaries, related companies, successors, and assigns) take affirmative steps to

dispel such false impressions that heretofore have been created by their use of the PARTY

CANDY trademark and trade dress, including, but not limited to, delivering up to Plaintiff's

attorneys for destruction all goods, labels, tags, signs, stationery, prints, packages, promotional

and marketing materials, advertisements and other materials (a) currently in Defendants'

possession, custody, or control, or (b) recalled by Defendants pursuant to any order of the Court

or otherwise, incorporating, featuring or bearing the PARTY CANDY mark or trade dress or any

other simulation, reproduction, copy or colorable imitation of the PRADA CANDY mark or

trade dress in connection with fragrance products;

(3)    Directing Defendants to deliver up to Plaintiff's attorneys an accounting of all

profits earned on goods bearing the infringing PARTY CANDY mark and trade dress;

(4)    Directing such other relief as the Court may deem appropriate to prevent the

public from deriving the erroneous impression that any product manufactured, imported,

advertised, promoted, distributed, displayed, produced, sold or offered for sale, or any service

advertised, promoted, sold or offered for sale by Defendants is in any manner authorized by

Plaintiff or related in any way to Plaintiff;

(5)      Directing Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above;

(6)      Awarding Plaintiff such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117;

(7)      Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from Defendants' unlawful conduct and that such profits be enhanced pursuant to 17 U.S.C. § 1117;

(8)      Awarding to Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

(9)      Awarding to Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

(10)     Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums; and

(11)     Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  October 18, 2013
        New York, New York

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
        David Donahue
        Jennifer Insley-Pruitt
        866 United Nations Plaza
        New York, New York 10017
        Tel: (212) 813-5900
        *Attorneys for Plaintiff*

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# PRADA CANDY

**Reg. No. 4,085,890**

**Registered Jan. 17, 2012**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

PRADA S.A. (LUXEMBOURG JOINT STOCK COMPANY)
23, RUE ALDRINGEN
L-1118 LUXEMBOURG
LUXEMBOURG

FOR: PERFUMERY, COSMETICS, ESSENTIAL OILS, BATH AND BODY SOAP, IN CLASS 3 (U.S. CLS. 1, 4, 6. 50. 51 AND 52).

PRIORITY DATE OF 3-1-2011 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 1071353 DATED 3-7-2011, EXPIRES 3-7-2021.

SER. NO. 79-095,173, FILED 3-7-2011.

JAMES MACFARLANE, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office